IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JOYCE LONEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:15CV292 |
| | ) | |
| USAA FEDERAL SAVINGS BANK, | ) | |
| | ) | |
| Defendant. | ) | |

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter is before the court upon Defendant USAA Federal Savings Bank's ("USAA FSB") motion to confirm award of arbitrator ("motion to confirm") (Docket Entry 24) pursuant to 9 U.S.C. § 9. Plaintiff Joyce Loney did not file a response. A hearing was held in this matter on April 20, 2016. (*See* Minute Entry dated 4/20/2016.) Plaintiff failed to appear. For the reasons stated below, the court will recommend that Defendant's motion be granted.

### I. BACKGROUND

On or about February 25, 2015, pro se Plaintiff filed a complaint asserting claims against USAA FSB in the Superior Court in Surry County, North Carolina. (Docket Entry 3.) On April 3, 2015, that action was removed to this court by USAA FSB. (Docket Entry 1.) On April 13, 2015, at USAA FSB's request (Docket Entry 11), the court stayed the proceedings in this action pending the outcome of an arbitration proceeding before the American Arbitration Association ("AAA") initiated by Plaintiff and her husband. (Docket Entry 13.)

An arbitration hearing was subsequently held before AAA Arbitrator James F. Petelle,

and on October 26, 2015, the Arbitrator issued an award finding against Plaintiff and her husband with respect to their claims against USAA FSB, and finding in favor of USAA FSB on several claims against Plaintiff and her husband. (Docket Entry 25-3.) On January 29, 2015, Plaintiff filed a motion to vacate the arbitration award (Docket Entry 22) which the court denied as frivolous. (Docket Entry 23.) On February 23, 2016, USAA FSB moved to confirm the award (Docket Entry 24). On March 3, 2016, counsel for USAA FSB filed an affidavit showing that the motion to confirm had been served upon Plaintiff and her husband. (Docket Entry 26.) On March 24, 2016, Plaintiff filed a motion for an extension of time to respond to the motion to confirm. (Docket Entry 28.) This court granted Plaintiff's request for an extension of time to file a response, allowed her until April 18, 2016, to file a response, and ordered her to appear at a hearing on April 20, 2016. (Docket Entry 33.) Plaintiff failed to respond within the time allowed by the court. On April 20, 2016, this court held a hearing on USAA FSB's motion. Counsel for USAA FSB was present, but Plaintiff failed to appear as ordered. Plaintiff's husband has not appeared or filed any papers.

## II. DISCUSSION

Pursuant to 9 U.S.C. § 9:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

9 U.S.C. § 9. "A confirmation proceeding under 9 U.S.C. § 9 is intended to be summary:

2

confirmation can only be denied if an award has been corrected, vacated, or modified in accordance with the Federal Arbitration Act." *Taylor v. Nelson*, 788 F.2d 220, 225 (4th Cir. 1986). "[O]nce the three-month period has expired, an attempt to vacate an arbitration award could not be made even in opposition to a later motion to confirm." *Taylor*, 788 F.2d at 225 (citation omitted); *see also* 9 U.S.C. § 12 ("Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered.").

Here, the award has not been corrected, vacated, or modified, and the time to move to vacate the award expired on January 26, 2016, three months after entry of the arbitration award. Plaintiff did file a motion to vacate the arbitration award on January 29, 2016, but the court, after reviewing the motion and attached documents, denied it as frivolous, indicating that Plaintiff "has done nothing more than disagree with the arbitrator's findings and conclusions." (Docket Entry 23.) Additionally, USAA FSB has filed evidence that the motion to confirm was served on Plaintiff and her husband (*see* Docket Entry 26), and Plaintiff has acknowledged service by filing a response to the motion. (Docket Entry 28.) The court finds that the motion to confirm arbitration was appropriately served on Plaintiff and her husband in accordance with 9 U.S.C. § 9. Furthermore, the court finds that USAA FSB complied with 9 U.S.C. § 13 by filing the papers for the motion to confirm, including the agreement to arbitrate, (Docket Entry 25-1) and the award (Docket Entry 25-3). Thus, USAA FSB's motion to confirm should be granted.

## III. CONCLUSION

For the reasons stated herein, **IT IS HEREBY RECOMMENDED** that USAA FSB's motion to confirm award of arbitrator (Docket Entry 24) be **GRANTED**.

Joe L. Webster
United States Magistrate Judge

May 2, 2016
Durham, North Carolina